MILLER, Judge
(dissenting).
I respectfully submit that the award of the $100,000 policy limits is inadequate.
The award assumes that Breaux will not require further surgery and that he has a *236 40% disability of the body as a whole. The record established to me that plaintiff will probably require additional surgery after which he could have an 80 to 90% disability of the body as a whole. Tr. 1050-1051.
Dr. Jackson testified that if the fusion did not heal and Breaux continues to have complaints, another operation may be indicated. Tr. 992. He testified that when three spaces are fused such as was done in this case, the failure or breakdown rate is 50% or higher. Tr. 997. Dr. Jackson’s opinion that Breaux’s disability of the body was 40% was based on the hope that Breaux would continue to improve. Tr. 998, lines 12-14. And Dr. Jackson admitted that this was not probable (Tr. 991, 992) and testified that it is possible that Breaux’s spine will heal no more than it already has. Tr. 991, lines 27, 28.
Dr. Gilly testified that the stress films made in March of 1971, six months after the fusion, revealed that the dowels at each interspace had been absorbed as they had decreased in size from a solid plug to only several slivers of bone. Tr. 1043. According to Dr. Gilly, it was slightly more probable that the fusion will not heal (Tr. 1044) and that Breaux will require a posterior lateral fusion at all three levels at a cost of $1,500 to $2,000. It would then take 12 to 18 months before Breaux could return to work (Tr. 1049), if he could return to work at all.
I would increase the award on these facts. Cases supporting an increase are Brignac v. Pan American Petroleum Corporation, 224 So.2d 84 (La.App. 3 Cir. 1969) where a 57 year old woman was awarded $75,000 for intense suffering and a 25% impairment of her body as a whole; Goudeau v. Texas Gas Transmission Corp., 225 So.2d 679 (La.App. 3 Cir. 1969) where a 63 year old man was awarded $60,000 for pain, suffering and a disability of 30% of his right leg and 20% of his left leg; and Granger v. USF&G et al., 266 So.2d 526 (La.App. 3 Cir. 1972) [our docket number 3955, handed down this date] where a 63 year old man was awarded $65,000 of which $6,800 were medical expenses. He had suffered intense pain and a 10% partial permanent disability of the body as a whole.